**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**CHRISTIAN FREDERICK, Defendant**

Criminal No. 460/80

Territorial Court of the Virgin Islands

Div. of Christiansted at St. Croix

January 26, 1981

188

MARK MILLIGAN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

EDWARD JACOBS, ESQ., Office of the Attorney General, Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This case is now before the Court on a Motion of Judgment for Acquittal and a New Trial. The motion will be denied.

On December 11, 1980 Christian Frederick was found guilty by a jury, of Negligent Homicide by Means of a Motor Vehicle, Operating a Vehicle While Intoxicated, and Operating Without Insurance. Specifically, the defendant, while driving a pickup truck on King Street in Christiansted on August 18, 1980 at approximately 11:30 p.m., struck a pedestrian, Eustace Finch. The victim died as a result of the injuries he received. Frederick was operating the pickup truck without the insurance coverage required by law. Additionally, a blood alcohol test revealed a level of .13% alcohol in Frederick's blood.

I.

The Government did establish a prima facie case. The evidence when viewed in its entirety was sufficient to sustain the conviction of Negligent Homicide. The defendant relies on Government of the Virgin Islands v. Caines, 11 V.I. 525 (3d Cir. 1975) as being dispositive of the issues presented here. That case, upon examination, does

not require a result contrary to the one reached by this Court. Caines also involved a conviction for negligent homicide under our statute, 20 V.I.C. § 504. There the defendant was charged under the portion of the statute dealing with the operation of a vehicle "in a reckless manner or with disregard for the safety of others." It was alleged and proved that Caines was travelling approximately 30 miles per hour in excess of the speed limit. The Court held "that other incriminating circumstances must be combined with excessive speed to sustain a charge of reckless driving. Caines at 533. Sufficient evidence to uphold the conviction, which when added to the testimony of excessive speed, was found to be present.

■ Such additional evidence exists in this case as well. There was testimony that the section of King Street where the accident occurred was well lit. The defendant himself testified that he had his headlights on. A failure to observe the victim under these circumstances forms a sufficient evidentiary basis, when coupled with the testimony relating to intoxication, to support a finding of operating a vehicle with disregard for the safety of others.

The defendant challenges the basis for finding that the level of alcohol ingested impaired his condition. The chemist, John Richards, Jr. testified that the mental faculties of a person whose blood contained .13% alcohol would, by virtue of having such an alcoholic content in his bloodstream, be impaired.

■ In both Caines, supra, and the case at bar, the defendants testified that they did not see the victims until after the accident occurred. In Caines, the Court said "(t)he defendant would also have had time in which to observe the deceased and, if necessary, to take precautions against a possible accident; yet the defendant struck the deceased without ever having seen him. These circumstances combined with considerable evidence that the defendant was travelling approximately 30 m.p.h. in excess of the speed limit, thereby drastically decreasing his time to see the deceased, are, we believe, sufficient to sustain the jury's conviction." Caines at 533. The analysis used by Judge Van Dusen can be applied with equal force here. The favorable visibility and light conditions coupled with the fact that the defendant was not travelling at an excessive speed[1] must be con-

---

[1] An appropriate inference may be drawn that if he were acting in a reasonable and prudent manner the incident would not have occurred, but for the intoxication, or that he would have seen the deceased and avoided the accident but for the intoxication. Although it was admitted at trial that the defendant was travelling 20–25 m.p.h., a speed which exceeds the posted limit, that does not rise to the level of "recklessness."

sidered with the evidence of intoxication. The jury could properly conclude that he was operating the vehicle with disregard for the safety of others by virtue of defendant's intoxication and his failure to observe the decedent when, under the existing conditions, he should have seen him.

■ The Court's instruction on proximate cause was not erroneous. The wording used sets forth the applicable definition of proximate cause. Although the defendant cites Caines for the rule that a criminal standard of proximate cause is required to include the element of "reckless and wanton disregard for the safety of others", the Court is not able to find any support for that proposition in Caines, supra.

## II.

■ The defendant states that the jury instruction concerning the legal effect of prima facie evidence was error. The Court is hard pressed to agree with defense counsel's statement in his Memorandum of Law which states "These instructions clearly informed the jury that an unrebutted presumption is conclusive and effectively shifted the burden of proof to the defense."[2] The paragraph immediately preceding this sentence is that part of the Court's charge to the jury which reads:

> Even though *prima facie* evidence of a fact exists, other facts in the case, as you find them, may sufficiently explain or contradict the *prima facie* evidence so as to destroy its sufficiency to prove the fact. In other words, even *prima facie* evidence may be overcome by sufficient contradictory or explanatory evidence.

The burden of proof was clearly outlined in the preliminary instructions to the jury at the opening of the trial and again in the final instructions at the close of trial. The Court's charge on prima facie evidence does not shift the burden, but makes a permissible comment on the weight of evidence.

The Court has been cited to Wilson v. United States, 162 U.S. 613 (1896) a case involving a similar jury charge. The Supreme Court held that the fruits of a crime recently found in the possession of the defendant after the commission of the offense were prima facie evidence of guilt, and may be controlling, unless explained or accounted for. Id. at 619. In discussing the propriety of the instruction, the Court held that:

---

[2] Defendant's Memorandum of Law, typescript page 8.

191

The trial judge did not charge the jury that they should be controlled by the presumption arising from the fact of the possession of the property of one recently murdered, but that they might consider that there was a presumption and act upon it, unless it were rebutted by the evidence or the explanations of the accused.

Id. at 620. This Court can find no variance in its instructions from the requirements set down by the Supreme Court.

█ The more recent case of Sandstrom v. Montana, 442 U.S. 510 (1979) is in accord with this analysis. There the trial judge instructed the jury that "the law presumes that a person intends the ordinary consequences of his voluntary acts." No qualifying instruction was given. The Supreme Court held that the charge, given *without the benefit* of additional instructions was fatal under the due process clause. As Mr. Justice Brennan said "(t)hey (the jury) were not told that they had a choice, or that they might infer that conclusion; they were only told that the law presumed it . . . . *They were not told that the presumption could be rebutted* . . . by the defendant's simple presentation of 'some' evidence; nor even that it could be rebutted at all . . . . *(G)iven the lack of qualifying instructions as to the legal effect of the presumption,* we cannot discount the possibility that the jury may have interpreted the instruction in either of two more stringent ways." Id. at 517. (Emphasis added.) The fatal defects that existed in Sandstrom are simply not present here. The jury was adequately instructed that the presumption which was raised could be overcome. The instruction was not erroneous. See Wells v. State, 158 N.E. 2d 256, 259 (Ind. 1959) (statute similar to 20 V.I.C. § 493 (5)(b)(c) allowing instruction of prima facie evidence of defendant's blood alcohol level).

For the foregoing reasons, the motion is denied.